UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-222 MWF (JC) | Date | February 24, 2014 |
|---|---|---|---|
| Title | Steven Fishman v. United States of America, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**     (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AGAINST INDIVIDUALLY NAMED DEFENDANTS**

**I.     BACKGROUND AND SUMMARY**

On January 24, 2014, plaintiff Steven Fishman ("plaintiff"), who is in custody and has been granted leave to proceed *in forma pauperis*, filed a "Verified Complaint For Damages, Pursuant to the Federal Tort Claims Act ['FTCA']" ("Complaint") against (1) the United States of America ("the United States") and multiple officials at the Federal Correctional Institution, Terminal Island Medical Center ("FCI-TIMC") where plaintiff is currently incarcerated, namely (2) Warden Arcola Washington-Adduci; (3) Associate Warden Thomas Scarantino; (4) Captain Everett Cottrell; (5) Special Investigation Services ("SIS") Lieutenant Ulysses Logeman; (6) Lieutenant D. McCray; (7) Custody Officer Juan Guerrero; (8) Custody Officer Francisco Ortega; (9) Custody Officer Jovan Green; (10) SIS Agent/Officer Burns; and (11) SIS Agent/Officer Mark McLellan (collectively "Individual Defendants"). Plaintiff sues the Individual Defendants in their official capacities only and seeks monetary relief under the FTCA based on such Individual Defendants' asserted commission of multiple state torts (*i.e.*, negligence, assault, battery, intentional infliction of emotional distress, false arrest/imprisonment, and conspiracy).[1]

For the reasons discussed below, plaintiff is Ordered to Show Cause why the Complaint should not be dismissed as against the Individual Defendants.

---

[1]Plaintiff currently has pending in this Court a separate civil rights action against several of the Individual Defendants in their individual capacities, entitled Steven Fishman v. Arcola Washington-Adduci, et al., No. 13-4729 MWF(JC).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-222 MWF (JC) | Date | February 24, 2014 |
|---|---|---|---|
| Title | Steven Fishman v. United States of America, et al. | | |

**II.     SCREENING**

As plaintiff is a prisoner proceeding *in forma pauperis* on a complaint naming governmental defendants, the Court must screen the Complaint and is required to dismiss a case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis complaints); 28 U.S.C. § 1915A(b) (prisoner complaints against government defendants); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("section 1915e not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

A *pro se* plaintiff's pleadings are liberally construed to afford the plaintiff "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)) (internal quotation marks omitted). If, however, a court finds that a *pro se* complaint has failed to state a claim, dismissal may be with or without leave to amend. *Pro se* plaintiffs should be permitted leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured. Id. at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). "[L]iberality in granting leave to amend is subject to several limitations [including] . . . undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citations omitted).

**III.    DISMISSAL OF THE COMPLAINT AS AGAINST THE INDIVIDUAL DEFENDANTS IS APPROPRIATE**

Here, after screening the Complaint, it appears to the Court that the Complaint should be dismissed as against the Individual Defendants only – leaving the United States as the sole defendant. Although FTCA claims can arise from the acts or omissions of federal employees, see 28 U.S.C.A. § 1346(b)(1), a federal employee cannot be sued under the FTCA. See Kennedy v. United States Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (affirming district court dismissal of FTCA action that was improperly filed against individual federal employee in official capacity) (citations omitted); Martinez v. United States, 812 F. Supp. 2d 1052, 1060 (C.D. Cal. 2010) ("[T]he FTCA . . . does not allow claims against a federal employee. . . .") (citing id.). The only proper defendant in an FTCA action is the United States. See Federal Deposit Insurance Corporation v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States."); Kennedy, 145 F.3d at 1078 ("[T]he United States is the only proper party defendant in an FTCA action. . . .").

///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-222 MWF (JC) | Date | February 24, 2014 |
|---|---|---|---|
| Title | Steven Fishman v. United States of America, et al. | | |

**IV.     ORDER**

In light of the foregoing, IT IS HEREBY ORDERED that by not later than **March 17, 2014**, plaintiff shall show good cause in writing why the Complaint should not be dismissed as against the Individual Defendants.

**If, in light of the contents of this Order, plaintiff elects to proceed solely as against the United States in this action, he may expedite matters by instead signing, dating and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of the Complaint as against the Individual Defendants.**

**Plaintiff is cautioned that the failure timely to comply with this Order and/or to show good cause will result in the dismissal of the Individual Defendants from the Complaint/this action. Plaintiff is further cautioned that the failure timely to comply with this Order may result in the dismissal of this action for lack of prosecution/failure to comply with the Court's Order.**

IT IS SO ORDERED.

|  | Initials of Deputy Clerk | hr |
|---|---|---|