```
                                         FILED
                                 CLERK, U.S. DISTRICT COURT

                                         2/29/2016

                                 CENTRAL DISTRICT OF CALIFORNIA
                                 BY: _____cw_____ DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN FISHMAN,<br><br>    Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendant(s). | Case No. CV 14-222 MWF(JC)<br><br>ORDER<br>(1) ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE RE: DEFENDANT'S MOTION TO DISMISS THE COMPLAINT; AND<br>(2) DENYING PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY<br><br>(DOCKET NOS. 20, 33) |

    Currently pending before the Court and addressed herein are (1) Defendant United States of America's Motion to Dismiss the Complaint ("Motion to Dismiss") filed on August 22, 2014; and (2) Plaintiff Steven Fishman's "Motion to Conduct Discovery to Establish Subject Matter Jurisdiction in Counts III and XIII of His FTCA Claim" ("Plaintiff's Motion") filed on May 4, 2015. The Court addresses each motion and rules as set forth below.

**I.   Motion to Dismiss**

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all documents filed in support of and in opposition to the Motion to Dismiss, and all of the records herein, including the attached Report and Recommendation of

United States Magistrate Judge ("Report and Recommendation") and plaintiff's objections to the Report and Recommendation ("Objections"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge, and overrules the Objections which essentially reargue the merits of plaintiff's case and otherwise lack merit.

## II.     Plaintiff's Motion

The Complaint seeks damages pursuant to the Federal Tort Claims Act ("FTCA") predicated on multiple state torts allegedly committed by certain prison officials. (Complaint ¶¶ 76-96). Plaintiff's Motion seeks jurisdictional discovery in support of two such predicates – specifically Claim 3 (negligent failure properly to investigate complaints about attacks on plaintiff by another inmate) and Claim 13 (negligent failure to protect plaintiff from such attacks). (Plaintiff's Motion at 3-6). The Court has reviewed Plaintiff's Motion, as well as defendant's response to Plaintiff's Motion filed on May 22, 2015, and plaintiff's Reply thereto filed on June 25, 2015. Plaintiff has not established a basis for granting the discovery he requests.

The Court may grant jurisdictional discovery in support of a complaint "where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (citations omitted), cert. denied, 555 U.S. 1171 (2009). District courts have broad discretion to grant or deny a motion for jurisdictional discovery. See Laub v. United States Department of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003) (citation omitted). Denial of such a motion is improper only if the court's ruling clearly "result[ed] in actual and substantial prejudice to the complaining litigant." Id. (citation and internal quotation marks omitted). A litigant establishes such prejudice "if there is a reasonable probability

that the outcome would have been different had discovery been allowed." Id. (citation omitted).

Plaintiff has not shown that discovery is necessary to resolve a controverted jurisdictional question or that a more satisfactory showing of the facts is necessary to determine subject matter jurisdiction for Claims 3 and 13. As the Report and Recommendation correctly concludes, the Court lacks subject matter jurisdiction over such claims based on the "discretionary function exception" to FTCA jurisdiction. (R&R at 15-19). Here, even if true, the facts plaintiff seeks to establish through jurisdictional discovery would at most provide cumulative support for the same jurisdictional arguments plaintiff made in opposing dismissal of Claims 3 and 13 – which arguments lack merit for the reasons explained in detail in the Report and Recommendation. (R&R at 15-19); See, e.g., Gonzalez v. United States, __ F.3d __, 2016 WL 722527, *7 (9th Cir. Feb. 24, 2016) (No. 13-15218) (affirming district court order denying discovery on discretionary function exception in FTCA case where plaintiff failed to show prejudice).

To the extent Plaintiff's Motion alleges that plaintiff was injured by additional misconduct that occurred in connection with the negligent investigation alleged in Claim 3 (*i.e.*, "threatening the plaintiff as a victim" and "threatening a material witness" and/or failure properly to report and/or investigate such misconduct by prison officials) (Plaintiff's Motion at 4; Reply at 6-10), plaintiff also fails to show that jurisdictional discovery is appropriate since the Complaint does not allege an FTCA claim predicated on such alleged misconduct.

**III.   ORDERS**

IT IS HEREBY ORDERED:  (1) the Motion to Dismiss is granted in part and denied in part; (2) all claims except Claims 1 and 9 are dismissed without prejudice and this action shall proceed solely on Claims 1 and 9; (3) Plaintiff's Motion is denied; and (4) defendant shall file an Answer to the remaining portions of the Complaint within fourteen (14) days of the entry of this Order.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Report and Recommendation on plaintiff and counsel for defendant.

IT IS SO ORDERED.

DATED: February 29, 2016

_____
HONORABLE MICHAEL W. FITZGERALD
UNITED STATES DISTRICT JUDGE